

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 5, 2008

**BY HAND**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:   **United States v. James Borden**,
            02 Cr. 929 (DLC)

Dear Judge Cote:

    In response to the Court's March 4, 2008 order, the Government respectfully submits this letter to address James Borden's eligibility for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent amendments to the Sentencing Guidelines for offenses involving crack cocaine. As set forth more fully below, the defendant is eligible for a reduction in sentence to 63 to 78 months, and the Government does not object to a reduction in sentence to a term of imprisonment within that range.

    On January 30, 2003, the defendant was convicted after trial of: (1) one count of conspiring to distribute cocaine base, in violation of Title 21, United States Code, Section 846; and (2) distributing cocaine base in violation of Title 21, United States Code, Sections 812, 841(a)(1) and (b)(1)(C). On July 25, 2003, the Court held a sentencing hearing. The Court found that the total offense level was 22 and that the defendant's Criminal History Category was V. Thereafter, the Court sentenced Borden to 96 months – the top end of the applicable guidelines range of 77 to 96 months.

    The defendant's projected release date is December 14, 2009. Applying the amended Guidelines, the defendant's total offense level is 20, resulting in an applicable Guidelines range of 63 to 78 months. Because the Court initially imposed a sentence within

The Honorable Denise L. Cote
March 5, 2008
Page 2

the Guidelines range, the Court is authorized to reduce the defendant's sentence to a term of imprisonment within the new range, but not lower than the bottom of that range.  *See* U.S.S.G. § 1B1.1(b)(2)(A) (if defendant initially received sentence within or above Guidelines range, court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection").  Notably, pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  Accordingly, the limitation in Section 1B1.1(b)(2)(A), prohibiting a judge from reducing the sentence to a term that is less than the minimum of the amended range, is mandatory and binding on the Court.

The Government has reviewed the defendant's disciplinary record while in Bureau of Prisons custody. According to those records, while Borden did have two incidents – including one that resulted in loss of good time and other disciplinary sanctions, the defendant does not have any significant disciplinary issues that counsel against granting a sentence reduction.

Accordingly, the Government does not oppose a reduction to a term of imprisonment within the amended Guidelines range of 63 to 78 months.

                                              Respectfully submitted,

                                              MICHAEL J. GARCIA
                                              United States Attorney

By: _____
     John P. Collins, Jr.
     Assistant U.S. Attorney
     (914) 993-1919

cc:   Federal Defenders of New York, Inc. (by US Mail)
      James Borden (by US Mail)